UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| VINCENT KEITH BRAY, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION V-06-16 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Institutional Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Vincent Bray ("Bray"), an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a petition for a writ of habeas corpus challenging prison disciplinary actions taken against him. The respondent has filed a motion for summary judgment asserting that the claims are time barred pursuant to the provisions of 28 U.S.C. § 2244(d). After reviewing the pleadings, the records and the applicable law, the court grants the motion and dismisses this suit as barred by limitations.

### I. Procedural History

Bray is serving a sixteen year sentence in TDCJ-CID pursuant to a conviction for aggravated assault with a deadly weapon. The procedural history of Bray's state court trial, appeal, and post-conviction proceedings with regard to the felony offense is not necessary because he does not attack the validity of his holding conviction. Instead, he challenges a TDCJ-CID hearing officer's determination of guilt and punishment in disciplinary proceeding #20020092741. On December 5, 2001, Bray was charged with violating prison policy by refusing to submit to DNA testing, namely a blood test. Bray was notified of the failure to obey orders charge on December 7, 2001. Disciplinary Hearing Records (DHR) at 1. He was found guilty of the charge on December 10,

2001. *Id.* After being found guilty, Bray was assessed the following punishments: (1) thirty days loss of commissary privileges; and (2) a reduction in line class from S3 to S4. *Id.* According to Bray, he appealed the decision pursuant to the TDCJ-CID grievance procedure. Fed. Writ. Pet. at 5. However, because of the lengthy delay between disciplinary procedure and the current habeas petition, the grievance records are no longer available. *See* Affidavit of Gwen Stanford, Assistant Administrator of Offender Grievance for the TDCJ-CID (grievance records retained for minimum of three years). Bray filed the instant petition on February 3, 2006. Fed. Writ Pet. at 9.

## II. Claims

Bray presents the following claim in his petition:

1. Bray was denied due process and equal protection "when TDCJ-CID officials forcefully withdrew body fluids namely blood for DNA testing without warrant as required by law."

## III. Standards of Review

A. Summary Judgment

The respondent has filed a motion for summary judgment contending that the petition is time-barred. A summary judgment shall be issued if the pleadings and evidence "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Vega v. National Life Ins. Services, Inc.*, 145 F.3d 673, 675 (5th Cir. 1998). In considering a motion for summary judgment, the court construes factual controversies in the light most favorable to the nonmovant, but only if the parties have introduced evidence showing that an actual controversy exists. *Lynch Properties, Inc. v. Potomac Ins. Co. of Illinois*, 140 F.3d 622, 625 (5th Cir. 1998). The burden is on the movant to convince the court that

no genuine issue of material fact exists as to the claims asserted by the non-movant, but the movant is not required to negate elements of the non-movant's case. *See Celotex Corp. v. Catrett*, 106 S.Ct. 2548, 2554 (1986).

The non-moving party may not rest solely on its pleadings. *King v. Chide*, 974 F.2d 653, 656 (5th Cir. 1992). For issues on which the non-movant will bear the burden of proof at trial, that party must produce summary judgment evidence and designate specific facts which indicate that there is a genuine issue for trial. *Celotex*, 106 S.Ct. at 2553-54; *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 106 S.Ct. 1348, 1356 (1986). To meet its burden, the non-moving party must present "significant probative" evidence indicating that there is a triable issue of fact. *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994). If the evidence rebutting the summary judgment motion is only colorable or not significantly probative, summary judgment should be granted. *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2510 (1986).

B. <u>28 U.S.C. § 2254 One-Year Statute of Limitations</u>

Bray's habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Lindh v. Murphy*, 117 S.Ct. 2059 (1997). Under the AEDPA, federal habeas petitions which challenge state court judgments are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1) & (2).

The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998).

## IV. Analysis

The respondent moves to dismiss Bray's habeas petition under 28 U.S.C. § 2244(d)(1)(D). That statutory provision has been applied to petitions which contest the results of state prison disciplinary proceedings. *Kimbrell v. Cockrell*, 311 F.3d 361 (5th Cir. 2002). The one-year period commences from the date of the petitioner's disciplinary hearing. *Id*. at 363. A timely application under the prison administrative grievance procedures would toll the one-year period. *Id*. at 364.

As established in the previous section, Bray's disciplinary hearing was held on December 10, 2001. Bray did not file his habeas petition until February 3, 2006. Even if the Court were to assume that grievance proceedings tolled the statute of limitations, over four years has elapsed between the time of the prison disciplinary hearing and the filing of the instant habeas petition. In

his habeas petition, Bray alleges he learned of the result of the Step 1 grievance proceeding on January 5, 2004. Fed. Writ Pet. at 5. Giving Bray the benefit of the doubt, if tolling were to end at that time, Bray would still be time-barred under the one-year statute of limitations. Without the benefit of the records of the grievance proceedings, the Court cannot determine the exact date on which Bray's claim became time-barred, but the Court is not convinced that Bray has diligently pursued his claim in a timely fashion. Consequently, Bray's federal habeas petition is time-barred under 28 U.S.C. § 2244(d)(1)(D) because it was filed more than four years after the prison disciplinary hearing. Liberally construed, Bray's pleadings fail to present any rare and exceptional circumstances, such as intentional deception, which demonstrate that he is entitled to equitable tolling. *See United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002). Nor is there any indication that he was subject to any state action that impeded him from timely filing his federal petition. 28 U.S.C. § 2244(d)(1)(B). There is no showing of a newly recognized constitutional right upon which Bray's petition is based; nor is there a factual predicate of the claims that could not have been discovered before the challenged conviction became final. 28 U.S.C. § 2244(d)(1)(C), (D). Therefore, the respondent's motion for summary judgment shall be **GRANTED**.

## V. Certificate of Appealability

Under 28 U.S.C. § 2253, Bray needs to obtain a certificate of appealability (COA) before he can appeal this Memorandum Opinion and Order dismissing his petition. A COA will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 120 S.Ct. 1595, 1603-

04 (2000). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beasley*, 242 F.3d at 263 (quoting *Slack*, 120 S.Ct. at 1604); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). This Court concludes that Bray is not entitled to a COA under the applicable standards. *See* 28 U.S.C. § 2253(c).

## VI. Conclusion

The Court **ORDERS** the following:

1. The respondent's Motion for Summary Judgment, (Dkt. # 7) is **GRANTED**.

2. This action is **DISMISSED** with prejudice.

3. A Certificate of Appealability is **DENIED**.

**SIGNED** on this 18th day of December, 2006.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE